## J. B. ALLGOOD ET AL. v. S. V. D. HILL.

COUNTY. *Shade-trees in court-house yard. Appropriation.*

 The board of supervisors of a county have the right by implication, under the Constitution and the laws in reference to court-houses (Const. art. 12, § 16, art. 6, § 20; Code 1871, § 1363), to make an appropriation for setting shade-trees in the grounds connected with the court-house.

ERROR to the Circuit Court of Noxubee County.

Hon. JAMES M. ARNOLD, Judge, did not sit in this case, but Hon. J. S. HAMM presided by interchange.

Under Code 1871, § 1386, which provides that, "if any board of supervisors shall appropriate any money to any object not authorized by law, the members of such board shall be liable personally for such sum of money, to be recovered by suit in the name of their successors in office, or in the name of any person who is a tax-payer, who will sue for the use of the

board of supervisors of their county," this suit was brought by S. V. D. Hill, a tax-payer of Noxubee County, for the use of the board of supervisors thereof, against J. B. Allgood and others, ex-members of the board, to recover the sum of $500, appropriated by the defendants to pay Walker Pitts for setting shade-trees on the court-house square, in Macon, the county town. The defence was that the appropriation was legal. The only instruction to the jury was the following, to the giving of which for the plaintiff the defendants excepted : —

" That the board of supervisors of Noxubee County had no power or authority by law to make an appropriation of money of the county to pay for the setting of trees in the court-house grounds, as stated in the pleadings."

The verdict and judgment was for the plaintiff, and the defendants brought up the case.

*Jarnagin & Jarnagin*, for the plaintiffs in error, filed a brief in support of the authority of the board to make the appropriation, citing Const. art. 6, § 20 ; Code 1871, § 1363 ; 1 Dillon on Municipal Corporations, §§ 55, 58, 59, 93, 94, 334.

*Foote & Foote*, for the defendant in error, filed a brief contesting the validity of the appropriation, and citing 2 Bouvier Law Dic. 412, 413 ; Angell & Ames on Corporations, § 5 ; 2 Kent Com. (8th ed.) 314, 315 ; 4 Hill, 384, 395 ; 8 Johns. 385 ; 2 Wend. 109 ; Code 1871, § 1363 ; *Howe* v. *State*, 53 Miss. 57.

CAMPBELL, J., delivered the opinion of the court.

The right of a board of supervisors to have shade-trees set in the ground connected with the court-house of its county is fairly implied in the grant of power to such boards by the Constitution and laws in reference to court-houses. Const. art. 12, § 16, art. 6, § 20 ; Code, § 1363. Shade-trees may be necessary to make a court-house " good and convenient." There is no express grant of power to have fences made around the court-house yard, or to dig wells or cisterns, or to protect the ground against washing ; but as the law empowers the boards of supervisors to acquire so much ground as may be necessary and convenient for the building and use of the court-house, and requires the erection and keeping in repair in each county of a " good and convenient court-house," it is

incident to this to make convenient and protect this property by the means usually employed in such cases.

The instruction given for the plaintiff below should have been refused.

*Judgment reversed and cause remanded.*